United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Naval Logistic, Inc., Plaintiff ) | |
| ) | Civil Action No. 23-22379-Scola |
| v. ) | |
| ) | |
| M/V Family Time, *in rem*, and ) | **In Admiralty** |
| Andrew Vilenchik, *in personam*, ) | |
| Defendants. ) | |

## Omnibus Order

The Defendant has moved for reconsideration of the Court's order appointing a substitute custodian for the vessel that is the subject of this action, M/V Family Time. (ECF No. 19.) The Plaintiff has responded (ECF No. 23) and the Defendant has filed a reply (ECF No. 24). In an effort to address one of the Plaintiff's arguments opposing reconsideration, the Defendant has also filed a motion for leave to file an untimely verified statement of right or interest (ECF No. 29), which the Plaintiff opposes (ECF No. 34).

The Court has carefully reviewed the record, the parties' briefing, and the applicable law, and is otherwise fully advised. The Court **grants** the Defendant's motion to file an untimely verified statement of right or interest (**ECF No. 29**) but **denies** the amended motion for reconsideration, for the reasons discussed below. (**ECF No. 19**.) The Court has considered the amended motion for reconsideration rather than the original motion for reconsideration (**ECF No. 18**), which is **denied as moot**.

1. **Background**

The Plaintiff, Naval Logistics, Inc., doing business as Middle Point Marina, filed this action on June 27, 2023 to enforce a maritime lien for repairs made to the vessel M/V Family Time, which is owned by Defendant Andrew Vilenchik. (*See* Compl., ECF No. 1.) The Plaintiff has possessed the vessel since May 22, 2023, when Vilenchik brought it to the marina for repairs. According to the Plaintiff, the vessel's condition was significantly worse than the Defendant had disclosed and therefore required additional repairs. (*Id.* ¶¶ 17-28.) Defendant Vilenchik's company, Commercial Holdings Group, Inc., filed a third-party complaint against the Plaintiff, arguing that the Plaintiff should be barred from recovery because Plaintiff's negligence exacerbated the damage to the vessel. (ECF No. 9.) The Plaintiff filed a motion to appoint itself as substitute custodian, which the Court granted. (ECF Nos. 10, 14.) The

Defendant seeks reconsideration of the appointment of the Plaintiff as substitute custodian because, based on the allegations in the third-party complaint, the Plaintiff caused damage to the vessel and is therefore not an appropriate custodian. (Mot., ECF No. 19 at 5.) The Defendant argues that he should have been afforded an opportunity to object to the appointment on those grounds. (*Id.*)

### 2. Legal Standard

"A district court has the discretion to revise or reconsider interlocutory orders at any time before final judgment has been entered." *Belmont Holdings Corp. v. SunTrust Banks, Inc.*, 896 F. Supp. 2d 1210, 1222–23 (N.D. Ga. 2012) (citing Fed. R. Civ. P. 54(b) and *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1315 (11th Cir. 2000)). In addressing a motion to reconsider a prior decision, two opposing policies must be balanced: on the one hand, the desirability of finality, and on the other, the public interest in reaching the right result. *Civil Aero. Bd. v. Delta Air Lines, Inc.*, 367 U.S. 316, 321 (1961). To balance these competing principles, courts generally permit reconsideration where there is newly discovered evidence, a manifest error of law or fact, or where justice so requires. *See In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999); *Vila v. Padron*, 2005 WL 6104075, at *1 (S.D. Fla. Mar. 31, 2005) (Altonaga, J.). "Motions for reconsideration are left to the sound discretion of the district court and are to be decided as justice requires." *Belmont Holdings*, 896 F. Supp. 2d at 1223.

### 3. Analysis

First, the Court grants the Defendant's motion for leave to file an untimely statement of interest. (ECF No. 29.) Under Rule C(6) of the Supplemental Admiralty Rules, with respect to in rem actions, "a person who asserts a right of possession or any ownership interest in the property that is the subject of the action must file a verified statement of right or interest (A) within 14 days after the execution of process, or (B) within the time that the court allows[.]" The Plaintiff has noted and the Defendant concedes that neither Defendant Vilenchik nor the purported true owner of M/V Family Time, Commercial Holdings Group, Inc., has filed the required verified statement of right or interest. However, the text of the rule provides the Court discretion to extend the deadline, and the Court does so here because the failure to file was a procedural oversight constituting excusable neglect and will not cause any delay or prejudice. *See United States vs. $125,938.62*, 370 F.3d 1235 (11th Cir. 2004). Despite the procedural deficiency, Defendant Vilenchik had already appeared and clearly expressed his interest in defending the claim by filing an

answer and affirmative defenses *before* the Plaintiff moved for the arrest of the vessel. (*See* Notice of Att'y Appearance, ECF No. 8; Def.'s Answer, ECF No. 9.) Therefore, the Court grants the Defendant permission to untimely file the verified statement. The verified statement of right or interest must be filed on or before November 2, 2023.

Second, the Defendant seeks reconsideration of the appointment of Middle Point Marina as substitute custodian of the vessel. (ECF No. 19.) The Defendant argues that the Court should reconsider its ruling and return the vessel to the custody of the U.S. Marshal because the Defendant did not have sufficient time to respond to the Plaintiff's motion to appoint a substitute custodian. (*Id.*) The Plaintiff responds that courts routinely appoint substitute custodians on an ex parte basis and that the appointment fully complied with the Supplemental Rules for Admiralty and Local Admiralty Rules. (Pl.'s Resp., ECF No. 23 at 6.) The Defendant fails to engage with either of these arguments in his reply brief, choosing only to continue asserting his ability to file the verified statement of right or interest and insisting that the Plaintiff may cause further harm to the vessel as the substitute custodian. (*See* Def.'s Reply re Mot. for Reconsideration, ECF No. 24.)

The Court denies the Defendant's motion for reconsideration because no manifest error of law or fact was made with respect to the arrest of the vessel or appointment of substitute custodian. The Plaintiff sufficiently established in its petition that the proposed custodian was a marina with experience caring for vessels and acting as a substitute custodian (ECF No. 10 at 2-3) and attached a consent and indemnification agreement, as required. (ECF No. 10-1.) *See Robbie's of Key W., LLC v. MV KOMEDY III*, No. 4:19-CV-10193, 2019 WL 13189528, at *1 (S.D. Fla. Nov. 25, 2019) (Moore, J.). The Court found these showings sufficient to grant the Plaintiff's motions, as courts routinely do to take jurisdiction over the subject vessels in admiralty cases. *See Wong Shing v. M/V Mardina Trader*, 564 F.2d 1183, 1186 (5th Cir. 1977) ("This arrest or seizure of the property gives the court jurisdiction."); *see also YCM Acquisition LLC v. M/Y DELIA*, No. 22-22319-CIV, 2022 WL 18705077, at *1 (S.D. Fla. Aug. 1, 2022) (Williams, J.); *Nimbus Boat Rental Corp. v. F/V Nirvana*, No. 1:22-CV-22645-KMM, 2022 WL 17583735, at *1 (S.D. Fla. Aug. 23, 2022) (Moore, J.). And it was necessary to appoint a substitute custodian for the vessel's arrest to take place at all. *See* Practitioner's Note to Local Admiralty Rule E(10)(a) ("[I]n this District it is the practice of the Marshal to not take custody of any arrested vessel or execute an arrest warrant until as a substitute custodian is in place.")

Nor does justice require the Court to reconsider its order appointing the substitute custodian. The Defendant argues that the Plaintiff is not fit to serve as substitute custodian based on the allegations made in the third-party

complaint that the Plaintiff negligently damaged M/V Family Time after the Defendant brought the vessel in for repairs. (Mot. for Reconsideration, ECF No. 19 at 4.) But the Court is not convinced that the Defendant's concerns about the fate of the vessel in the Plaintiff's hands are well-founded. The Plaintiff is required by rule and by order of the Court to maintain the vessel and has no incentive to reduce its own recovery by allowing the vessel to sustain additional damage. A substitute custodian must maintain an arrested vessel "in a safe and secure manner so as to protect it from injury to end that, whether it be condemned or restored to the owner, its value to the parties will not have been impaired by unnecessary deterioration or damage for which the custodian could be responsible." *New River Yachting Ctr., Inc. v. M/V Little Eagle II*, 401 F. Supp. 132, 135 (S.D. Fla. 1975). Nor does the Defendant propose a reasonable alternative, at times insisting that the U.S. Marshal, "a different custodian," or the Defendant himself take custody of the vessel. (*See* Mot. for Reconsideration, ECF No. 19 at 7; Reply re Mot. for Reconsideration, ECF No. 24 at 7.) Not only are these requests procedurally deficient, but the Defendant also fails to offer any practical basis for re-allocating responsibility to one of these parties. The Court therefore declines to reconsider its order appointing Middle Point Marina as the substitute custodian.

### 4. Conclusion

For these reasons, the Court **grants** the Defendant's motion to file an untimely verified statement of right or interest (**ECF No. 29**) but **denies** the amended motion for reconsideration. (**ECF No. 19**.) The original motion for reconsideration (**ECF No. 18**) is **denied as moot**.

**Done and ordered**, at Miami, Florida, on October 26, 2023.

Robert N. Scola, Jr.
United States District Judge