United States District Court

for the
Southern District of Florida

| | |
|---|---|
| Naval Logistic, Inc., *doing business as* Middle Point Marina, Plaintiff<br><br>v.<br><br>M/V Family Time, *in rem*, and Andrew Vilenchik, *in personam*, Defendants. | )<br>)  Civil Action No. 23-22379-Civ-<br>)  Scola<br>)<br>)<br>)          **In Admiralty**<br>)<br>) |

### Order

This matter is before the Court on the Plaintiff's motion to strike or dismiss the Defendant's (and owner of the subject vessel's) answer, affirmative defenses, and third-party complaint. (Mot., ECF No. 22.) The in personam Defendant, Andrew Vilenchik, responded to the motion (ECF No. 33), and the Plaintiff filed a reply. (ECF No. 35.) For the reasons discussed below, the Court **grants in part** and **denies in part** the motion. (**ECF No. 22**.)

The Plaintiff, Naval Logistics, Inc., doing business as Middle Point Marina, filed this action on June 27, 2023 to enforce a maritime lien for repairs made to the vessel M/V Family Time, which is owned by Defendant Andrew Vilenchik. (*See* Compl., ECF No. 1.) The Plaintiff has possessed the vessel since May 22, 2023, when Vilenchik brought it to the marina for repairs. According to the Plaintiff, the vessel's condition was significantly worse than the Defendant had disclosed and therefore required additional repairs. (*Id.* ¶¶ 17-28.) Defendant Vilenchik filed an answer along with a third-party complaint on behalf of Commercial Holdings Group, Inc. ("CHG"), which holds title to the subject vessel and is controlled by Vilenchik, arguing that the Plaintiff should be barred from recovery because Plaintiff's negligence exacerbated the damage to the vessel. (*See generally* ECF No. 9.)

The Plaintiff has moved to strike or dismiss the answer, affirmative defenses, and third-party complaint on three grounds. (ECF No. 22.) First, the Plaintiff argues that neither Vilenchik nor CHG have standing to challenge the amended complaint because they failed to file a verified statement of right or interest within 14 days of service as required by Supplement Rule C(6). (Mot., ECF No. 22 at 3-4.) Vilenchik acknowledges this error, and the Court has in the intervening time granted permission to untimely file the verified statement (Omnibus Order, ECF No. 37 at 2-3), which CHG did. (ECF No. 39.) Thus, the Plaintiff's first argument is moot as Vilenchik is the in personam Defendant in

this action and CHG has now filed its statement of right or interest in the subject vessel. (ECF No. 39.) The Plaintiff's second argument—that it is entitled to the entry of default because of the failure to file a verified statement—is therefore also moot.

Third, the Plaintiff argues that CHG's third-party complaint is procedurally deficient because Federal Rule of Civil Procedure 14(a)(1) instructs that a *defending* party may file a third-party complaint against a *nonparty*. (Mot., ECF No. 22 at 5-6.) Because CHG is not a defendant and MPM is not a nonparty, the third-party complaint is improper. (*Id.*) Vilenchik acknowledges this error and concedes that the third-party complaint should be dismissed. (*See* Def.'s Resp., ECF No. 33 at 7.) The Court therefore grants the Plaintiff's motion with respect to the third-party complaint and need not reach the Plaintiff's additional arguments on its dismissal.

In sum, the Court **denies** the Plaintiff's motion to strike or dismiss the Defendant's answer and affirmative defenses but **grants** the motion with respect to the third-party complaint, which is dismissed. **(ECF No. 22.)** The Court further declines to consider the propriety of an amended third-party complaint or CHG filing a separate lawsuit and then seeking to consolidate the two cases, as the questions have not been properly raised. "Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly." *Cita Tr. Co. AG v. Fifth Third Bank*, 879 F.3d 1151, 1157 (11th Cir. 2018) (quoting *Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009)) (alteration in original). Additionally, "[a] request for a court order must be made by motion." Fed. R. Civ. P. 7(b)(1). And it must "state with particularity the grounds for seeking the order[,] and state the relief sought." *Id.*

**Done and ordered** at Miami, Florida on November 21, 2023.

_____
Robert N. Scola, Jr.
United States District Judge