United States District Court

for the
Southern District of Florida

| | |
|---|---|
| Naval Logistic, Inc., *doing business as* Middle Point Marina, Plaintiff | ) ) ) Civil Action No. 23-22379-Civ-Scola |
| v. | ) ) ) |
| M/V Family Time, *in rem*, and Andrew Vilenchik, *in personam*, Defendants. | ) **In Admiralty** ) ) ) |

### Order on Motion for Leave to File Omitted Counterclaim

This matter is before the Court on the Defendant vessel's motion for leave to untimely file a counterclaim. (Mot., ECF No. 46.) The Plaintiff has responded (ECF No. 48) and the Defendant has filed a reply (ECF No. 49). The Court has considered the briefing, the record, the applicable law, and is otherwise fully advised. The Court **denies** the motion (**ECF No. 46**) for the reasons discussed below.

1. **Background**

The Plaintiff, Naval Logistics, Inc., doing business as Middle Point Marina, filed this action on June 27, 2023 to enforce a maritime lien for repairs made to the vessel M/V Family Time, a 34' Rinker owned by Commercial Holdings Group Inc. ("CHG"), whose principal is Defendant Andrew Vilenchik. (*See* Compl., ECF No. 1.) The Plaintiff has possessed the vessel since May 22, 2023, when Vilenchik brought it to the marina for repairs. According to the Plaintiff, the vessel's condition was significantly worse than the Defendant had disclosed and therefore required additional repairs. (*Id.* ¶¶ 17-28.) On August 25, 2023, Defendant Vilenchik filed an answer along with a third-party complaint on behalf of CHG, arguing that the Plaintiff should be barred from recovery because Plaintiff's negligence exacerbated the damage to the vessel. (*See generally* ECF No. 9.) On November 21, 2023, the Court granted the Plaintiff's motion to strike the third-party complaint because it was not directed at a non-party and therefore procedurally deficient. (ECF No. 40.) On January 26, 2024, the Defendant vessel filed the instant motion for leave to untimely file a counterclaim based upon the same facts as the stricken third-party complaint. (ECF No. 46.)

## 2. Legal Standard

Generally, courts are required to "freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). Based on the Rule, then, "unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999). When the Court has entered a scheduling order, however, and the scheduling order sets a deadline for amendment to the pleadings, the standard for amendment of pleadings is supplanted by the Rules' standard to amend the scheduling order, which requires a showing of "good cause" and the "judge's consent." Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 advisory committee's note). "If a party was not diligent, the good cause inquiry should end." *Id.* (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)) (cleaned up).

## 3. Analysis

The Defendant vessel argues in its motion for leave to file the omitted counterclaim that counsel for the Defendants failed to file the counterclaim earlier "as a result of mistake or excusable neglect" because they did not previously recognize that a defendant vessel may bring a counterclaim in an admiralty action. (Mot. at 2.) Counsel for the Defendants represents that this realization came while doing research for this case in December 2023 and that the delay was therefore not intentional. (*Id.*) Furthermore, the Defendant argues that allowing the tardy filing of a counterclaim will not prejudice the Plaintiff or require the extension of any pretrial deadlines. (*Id.* at 5-6.)

The Court disagrees and denies the motion because the Defendant all but acknowledges its lack of diligence and therefore has not established good cause for the failure to file the counterclaim earlier. The Court's October 6, 2023 scheduling order (ECF No. 30) set the deadline to amend pleadings as November 8, 2023, the date recommended by the parties in their joint scheduling report. (ECF No. 28 at 6.) The Defendants were at that time on notice of the procedural deficiency in the third-party complaint and therefore the need to seek relief under another procedural mechanism, which they acknowledged in the response to the Plaintiff's motion to strike the answer, affirmative defenses, and third-party complaint on October 17, 2023. (ECF No. 33.) Then, on November 21, 2023, the Court struck the third-party complaint consistent with the parties' agreement. (ECF No. 40.) Only 2.5 months later did

the Defendant actually seek to file the counterclaim, despite acknowledging that all of the underlying facts of the counterclaim have been available since the beginning of this litigation. (Reply, ECF No. 49 at 2 ("Defendants have **always** disputed MPM's assertion that the vessel was "taking on water" when it first came into their possession for repair . . . ." (emphasis in original).)

These facts do not demonstrate diligence. "Mere carelessness is not compatible with a finding of diligence." *Beyel Bros., Inc. v. EMH, Inc.*, No. 19-CV-14392, 2020 WL 6143633, at *3 (S.D. Fla. Oct. 20, 2020) (Marra, J.) (cleaned up) (citing *Will–Burn Recording & Pub. Co. v. Universal Music Group Records*, No. 08–0387, 2009 WL 1118944, at *3 (S.D. Ala. 2009)); *see also Sosa*, 133 F.3d at 1418-19 (affirming district court's denial of motion for leave to amend complaint where the plaintiff was not diligent and sought leave to amend after scheduling order deadline expired). The Defendants were aware for at least three weeks before the expiration of the scheduling order deadline that their third-party complaint was improper but did not move for an extension of the deadline and still waited over three more months to file a replacement, procedurally proper pleading. The Defendant vessel does not explain this gap with anything other than the lack of diligence of its lawyers, instead insisting in a conclusory manner that good cause exists and that filing the counterclaim now would not prejudice the Plaintiff. However, "even if the opposing party would not be prejudiced by the modification of a scheduling order, good cause is not shown if the amendment could have been timely made." *Beyel Bros., Inc.*, 2020 WL 6143633 at *3 (S.D. Fla. Oct. 20, 2020) (Marra, J.). The Defendant vessel therefore has not established good cause for its failure to comply with the Court's scheduling order and the Court declines to amend the deadline pursuant to Rule 16.

### 4. Conclusion

For the reasons stated above, the Court **denies** the Plaintiffs' motion. (**ECF No. 46**.)

**Done and ordered** in Miami, Florida, on March 11, 2024.

_____
Robert N. Scola, Jr.
United States District Judge