United States District Court

for the
Southern District of Florida

| | | |
|---|---|---|
| Naval Logistic, Inc., *doing business as* Middle Point Marina, Plaintiff | ) ) ) | Civil Action No. 23-22379-Civ-Scola |
| v. | ) ) | |
| M/V Family Time, *in rem*, and Andrew Vilenchik, *in personam*, Defendants. | ) ) ) ) | **In Admiralty** |

## Order on Motion for Reconsideration

This matter is before the Court on the Defendants' motion for reconsideration of the Court's order on the parties' cross motions for summary judgment. (Mot., ECF No. 94.) Specifically, the Defendant requests that the Court reconsider the portion of its Order granting the Plaintiff's motion for summary judgment. (Order, ECF No. 88.) The Defendants believe that there is a genuine dispute of material fact as to whether Andrew Vilenchik represented himself as owner of the subject vessel and therefore is a proper defendant in the case. (Mot., at 2-3.) The Defendants state that they inadvertently failed to raise this issue in opposition to the Plaintiff's motion for summary judgment. (*Id.* at 4.)

The decision to grant or deny a motion for reconsideration is committed to the district court's sound discretion. *See Chapman v. AI Transport*, 229 F.3d 1012, 1023-24 (11th Cir. 2000) (reviewing reconsideration decision for abuse of discretion). Reconsideration is appropriate only in very limited circumstances, such as where "the Court has patently misunderstood a party, where there is an intervening change in controlling law or the facts of a case, or where there is manifest injustice." *See Vila v. Padron*, No. 04-20520, 2005 WL 6104075, at *1 (S.D. Fla. Mar. 31, 2005) (Altonaga, J.). "Such problems rarely arise and the motion to reconsider should be equally rare." *See id.* (cleaned up). In order to obtain reconsideration, "the party must do more than simply restate its previous arguments, and any arguments the party failed to raise in the earlier motion will be deemed waived." *See id.*

Rule 60(b) relief is applicable on the basis of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment being void; (5) the judgment having been

satisfied, released, or discharged; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

Thus, Defendants' contentions are arguably waived due to its failure to raise such arguments in opposition to the Plaintiff's motion for summary judgment. *See id.*; *see also Michael Linet, Inc. v. Vill. Of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005) (explaining that a party "cannot use a Rule 59(e) motion to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment"). But even if the Defendants' arguments were not waived under Federal Rule of Civil procedure 60(b), the argument does not warrant reconsideration of the Court's prior order. First, this Court considered the record and the briefing as a whole in its Order. (Order, at 1.) This alone warrants denial of the motion for reconsideration.

Moreover, as the Court explained in its Order, it is undisputed that Vilenchik signed the agreement and placed his name on the line marked "Owner." (*Id.*, at 6.) While the Court made this determination when denying the Defendants' motion for summary judgment, this undisputed fact also warrants the granting of the Plaintiff's motion for summary judgment. In its motion for reconsideration, the Defendants cite Vilenchik's affidavit in which he disputes his ownership of the vessel. (Mot., at 3.) But such an affidavit, standing alone, does not amount to "'significantly probative' evidence, and therefore does not rebut the Plaintiff's argument." (Order, at 4 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1989).) Nor does that evidence—the only evidence cited in the Defendants' motion for reconsideration—demonstrate that Vilenchik was acting on behalf of CHG as a disclosed principal. *See El Jordan v. Solymar, S. De R.L.*, 315 F. Supp. 2d 1355, 1364 (S.D. Fla. 2004 (Altonaga, J.) ("Here, although Solymar claims to have acted as an agent, it did not act as agent for a disclosed principal, and therefore, Solymar became liable as the principal upon the contract.")

The Court therefore declines to reconsider its prior order and **denies** the Defendants' motion for reconsideration. (**ECF No. 94**.) However, the Court does not find that the motion was frivolous and therefore will not impose sanctions on the Defendants.

**Done and ordered** at Miami, Florida on September 16, 2024.

_____
Robert N. Scola, Jr.
United States District Judge