United States District Court

for the
Southern District of Florida

| | |
|---|---|
| Naval Logistic, Inc., *doing business as* Middle Point Marina, Plaintiff | ) ) ) Civil Action No. 23-22379-Civ-Scola |
| v. | ) ) |
| M/V Family Time, *in rem*, and Andrew Vilenchik, *in personam*, Defendants. | ) ) **In Admiralty** ) ) |

**Order on Motion for Order Entering Stay**

  This matter is before the Court on the Defendants' verified motion for order entering stay pending appeal, without requiring posting of a bond, or in the alternative, for court to determine amount of supersedeas bond to be posted to effectuate stay, and incorporated request for extension of time to serve responses to post-judgment discovery. (Mot., ECF No. 114.) The Plaintiff has responded (ECF No. 127) and the Defendants have filed a reply (ECF No. 137). The Court has considered the briefing, the record, the applicable law, and is otherwise fully advised. The Court **grants in part** and **denies in part** the motion (**ECF No. 114**) for the reasons discussed below.

  1. **Background**

  The Plaintiff, Naval Logistics, Inc., doing business as Middle Point Marina, filed this action on June 27, 2023 to enforce a maritime lien for repairs made to the vessel M/V Family Time, a 34' Rinker owned by Commercial Holdings Group Inc. ("CHG"), whose principal is Defendant Andrew Vilenchik. (*See* Compl., ECF No. 1.) On May 22, 2024, the Court entered an order confirming the sale of the vessel to the Plaintiff, at auction, for $100.00. (ECF No. 69). On September 16, 2024, the Court entered Final Judgment in favor of the Plaintiff in the amount of $40,437.30. (ECF No. 106.) On September 23, 2024, the Court ordered the Defendants—specifically Andrew Vilenchik—to provide responses to post-judgment discovery requests by October 23, 2024. (ECF No. 110). On September 27, 2024, the Defendants filed their Notice of Appeal to the Eleventh Circuit. (ECF No. 111.) On November 4, 2024, the Court granted the Plaintiff's motion to compel Vilenchik's responses after an eleventh-hour request by Vilenchik to extend the deadline to file those responses. (Order, ECF No. 122.) Vilenchik filed his responses to the post-judgment discovery requests, but the Plaintiff now alleges that Vilenchik's responses are

inadequate. (Pl.'s Mot. for Order to Show Cause, ECF No. 125; Order Referring Motion, ECF No. 126.)

In this motion, the Defendants seek (1) an entry of a stay order without requirement of a bond; (2) alternatively, an order approving a bond amount of $50,535.38; (3) a stay of post-judgment discovery; and (4) an extension of time to serve responses to post-judgment discovery.

### 2. Analysis

The Court finds that a stay of execution of judgment and post-judgment discovery is only warranted upon the posting of a supersedeas bond of $50,535.38. The Court will stay post-judgment discovery if and when the supersedeas bond is posted. Because the Court has already ordered responses to post-judgment discovery (ECF No. 122), request (4) above is moot.

#### A. Whether a Stay is Warranted

The Defendants first ask the Court to stay the money judgment under Fed. R. Civ. P. 62(b). (Defs.' Mot., at 4.) The Plaintiff responds that a stay under Rule 62(b) is not a matter of right, and that the Defendants failed to bear their heavy burden entitling them to a stay under cases like *Nken v. Holder*, 556 U.S. 418, 433-34 (2009) and *Winston-Salem/Forsyth County Board of Education v. Scott*, 404 U.S. 1221, 1231 (1971). (Pl.'s Resp., at 2-3.)

Those cases, however, involve attempts to stay non-monetary court orders that were not brought under Rule 62(b). *See Nken*, 556 U.S. at 422 (petitioner requesting a stay from an order removing petitioner from the United States); *Winston-Salem*, 404 U.S. at 1221-22 (petitioner seeking stay of a desegregation order).

Rule 62(b), however, is clear: "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security." Thus, a stay under Rule 62 becomes a matter of right once "a bond or other security" is posted. *See Horowitz v. Allied Marine, Inc.*, Case No. 21-cv-60358, 2024 WL 3738927, at *1 (S.D. Fla. July 31, 2024) (Altman, J.) (quoting *Am. Mfrs. Mut. Ins. Co. v. Am. Broadcasting-Paramount Theatres, Inc.*, 87 S.Ct. 1, 3 (1996) (mem.)).

Therefore, the Defendants are entitled to a stay of execution should they post a bond or other security.

#### B. Whether the Defendants Should be Excused From Bosting a Bond

However, the Defendants seek a stay without an entry of a bond or other security. "[A] bond is the norm for obtaining a stay," and "[t]he purpose of a

supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal." *Balboa Capital Corp. v. Vital Pharmaceuticals, Inc.*, Case No.18-61125-CIV-DIMITROULEAS/HUNT, 2022 WL 17477403, a *3 (S.D. Fla. Oct. 2022) (Hunt, J.) (citations omitted). "The burden is on the party requesting a stay to demonstrate why a bond should not be required under Rule 62(b)." *Strutton v. Anderson*, CASE NO. 22-cv-61294-ALTMAN/Hunt, 2023 WL 8663370, at *3 (S.D. Fla. Dec. 15, 2023) (Altman, J.) (citation omitted). The Defendants "must show that, in the absence of standard security, Plaintiffs will be properly secured against the risk that Defendant[s] will be less able to satisfy the judgment after disposition of the post-[judgment] motions." *Id.* (citation omitted). Additionally, a supersedeas bond may be waived "(1) where the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money, and (2) where the requirement would put the defendant's other creditors in undue jeopardy." *Havana Docks Corp. v. Carnival Corp.*, Case No. 19-cv-21724 BLOOM/MCALILEY, 2023 WL 2497884, at *2 (S.D. Fla. March 14, 2023) (Bloom, J.) (citation omitted). "The court can only dispense with the requirement for a bond after the judgment debtor has objectively demonstrated his ability to satisfy the judgment and maintain the same degree of solvency through the appellate process." *Id.* (citation omitted).

      To meet their burden, the Defendants argue that because the Plaintiff, "by virtue of its arrest and subsequent sale of the VESSEL, now **already** has in its possession an asset sufficient to satisfy the outstanding judgment." (Defs.' Mot., at 5.) The Defendants point to the fact that the Plaintiff, who bought the vessel for $100, estimated that the Vessel had a fair market value of $50,000 to $99,000. (*Id.*)

      However, the fact that the Plaintiff maintains the vessel as an asset—whatever its value—does not satisfy the Defendants' burden of demonstrating that the circumstances required for dispensing with a bond are present. *See Havana Docks Corp.*, at *2. The Defendants do not cite to any applicable case law or rule that explains how these circumstances warrant a departure from the general requirement of a supersedeas bond. Therefore, the Court will require the Defendants to post a bond in order to obtain a stay under Rule 62(b).

### C. The Amount of the Bond

      The next issue is how much the bond should be. Local Rule 62.1 dictates that "[a] supersedeas bond or other security staying execution of a money judgment shall be in the amount of 110% of the judgment, to provide security

for interest, costs, and any award of damages for delay. Upon its own motion or upon application of a party the Court may direct otherwise."

The Plaintiff asks that the Court order a bond of at least $275,000, which accounts for the $40,428.30 judgment against Vilenchik as well at least $125,000 in attorneys' fees. (Pl.'s Resp., at 9.) The Plaintiff anticipates that the appeal will cost at least $100,000 in attorneys' fees. (*Id.* at 9-10.) The Plaintiff also seeks other conditions such as ordering a cash bond and that Vilenchik "not dissipate any of his assets during the stay." (*Id.* at 10.)

The Defendants believe that the requested bond is too high and improperly includes the amount of attorneys' fees incurred so far in the litigation. (Defs.' Reply, at 2-3.) The Defendants request a bond of $50,535.38, or 125% of the judgment. (*Id.* at 4.)

The Court agrees with the Defendants that a bond of $275,000—nearly 580% of the monetary judgment—is excessive. Local Rule 62.1 specifically contemplates a bond of 110% of a monetary judgment, "to provide security for interest, costs, and any award of damages for delay." Here, the Defendants offer a bond of 125%. The Plaintiff states in only a conclusory fashion that it anticipates its appellate costs to be $100,000. Thus, under these circumstances, a supersedeas bond of $50,535.38 is appropriate.

The Plaintiff also asks for two conditions on any supersedeas bond: that (1) the bond be posted in cash, and (2) "Vilenchik be ordered to not dissipate any of his assets during the stay." (Pl.'s Resp., at 10.) As to the cash requirement, the Plaintiff has not shown why the Court should depart from the standard procedure of allowing a bond in the form of cash or a surety bond. Nor will the Court condition the stay on Vilenchik not dissipating any assets. The Plaintiff is adequately protected should the Defendants post the supersedeas bond. *See Chalfonte Condo. Apt. Ass'n, Inc. v. QBE Ins. Corp.*, 695 F.3d 1215, 1232 (11th Cir. 2012) ("The purpose of the supersedeas bond is to secure the prevailing party against the risk that the judgment debtor will be unable to meet the obligations pending appeal and to protect the prevailing party from the costs that it incurs in foregoing execution of judgment until the appeal is decided." (citation omitted)).

### D. Post-Judgment Discovery

In their reply, the Defendants clarify that they seek a stay of any post-judgment discovery that would commence after a stay of the judgment is put in place. (Defs.' Reply, at 4.) The Court will stay post-judgment discovery if and when the supersedeas bond is posted. *See Maurer Rides USA, Inc. v. Beijing Shibaolai Amusement Equip. Co., Ltd.*, Case No. 6:10-cv-1718-Orl-37KRS, 2013

WL 12385321, at *2 (M.D. Fla. April 12, 2013) (declining to stay post-judgment discovery until a bond was posted).

Moreover, the Plaintiff's motion for order to show cause (ECF N0. 125) and Motion for Attorney Fees (ECF No. 129) remain open and will remain so after the posting of a supersedeas bond. *See Levesque v. GEICO*, CASE NO. 15-CIV-14005-MARRA, 2021 WL 7540798, at *1 (S.D. Fla. Aug. 31, 2021) (Marra, J.) ("In this district, the regular practice of the courts is not to stay matters collateral to a final judgment, principally involving fees or costs issues, to avoid piecemeal appeals to the Eleventh Circuit." (cleaned up)).

### 3. Conclusion

For the foregoing reasons, the Court **grants in part** and **denies in part** the motion (**ECF No. 114**). The Court will stay execution of judgment and post-judgment discovery only upon the Defendants posting a supersedeas bond of $50,535.38.

**Done and ordered** in Miami, Florida, on December 2, 2024.

Robert N. Scola, Jr.
United States District Judge