United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Naval Logistic, Inc., *doing business as* Middle Point Marina, Plaintiff, <br><br> v. <br><br> M/V Family Time, *in rem*, and Andrew Vilenchik, *in personam*, Defendants. | ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 23-22379-Civ-Scola |

### Order on Motion for Reconsideration

This matter is before the Court on the Plaintiff's motion for reconsideration of the Court's order on the Defendants' motion for stay. (Mot., ECF No. 142.) Specifically, the Plaintiff requests that the Court reconsider the portion of its order that the supersedeas bond be set at $50,535.38. (Order, ECF No. 141 at 4.) The Plaintiff believes that the bond order is erroneously deficient because the Court did not properly consider the attorneys' fees associated with prosecuting the case and that were part of the Court's final judgment. (Pl.'s Mot., at 6.) The Plaintiff believes that the bond should be a minimum of "148, 617.60, which is 110% of the $40,437.30 for pre-arrest storage, *custodia legis* expenses, and arrest related costs, *and* the $94,669.61 in **undisputed** attorney's fees and costs." (*Id.*) For the reasons that follow, the Court **denies** the motion (**ECF No. 142**).

The decision to grant or deny a motion for reconsideration is committed to the district court's sound discretion. *See Chapman v. AI Transport*, 229 F.3d 1012, 1023-24 (11th Cir. 2000) (reviewing reconsideration decision for abuse of discretion). Reconsideration is appropriate only in very limited circumstances, such as where "the Court has patently misunderstood a party, where there is an intervening change in controlling law or the facts of a case, or where there is manifest injustice." *See Vila v. Padron*, No. 04-20520, 2005 WL 6104075, at *1 (S.D. Fla. Mar. 31, 2005) (Altonaga, J.). "Such problems rarely arise and the motion to reconsider should be equally rare." *See id.* (cleaned up). In order to obtain reconsideration, "the party must do more than simply restate its previous arguments, and any arguments the party failed to raise in the earlier motion will be deemed waived." *See id.*

The Plaintiff argues that "[a]ttorney's fees from the district court case are properly included in the supersedeas bond requirement regardless of whether

the amount of attorney's fees has been determined at the time of setting the bond." (Pl.'s Mot., at 4.) The Plaintiff explains that the final judgment "contemplate[s] attorney's fees and costs," of which $94,669.61 it says are undisputed. (*Id.* at 4-5.) The Plaintiff also argues a reasonable amount of appellate fees and costs should be added to the bond as well. (*Id.* at 5.)

The Court does not find that it has "patently misunderstood" the Plaintiff, nor does it find that there has been "an intervening change in controlling law or the facts of the case." *Vila*, 2005 WL 6104075, at *1. The Court also does not find that the current bond would amount to "manifest injustice" to the Plaintiff. *Id.*

The Plaintiff already argued in the original motion papers that it was entitled to $100,000 in anticipated attorneys' fees. (ECF No. 127, Pl.'s Resp., at 9.) But, as the Court noted in its order, the Plaintiff did not provide any detail as to why it anticipated $100,000 in appellate costs besides the conclusory statement that the Defendants were appealing various orders of this Court. The Plaintiff now states that if the Court believes such an amount is excessive, it "should nonetheless estimate an amount to be included in the bond . . . ." (Pl.'s Mot., at 5.) However, the Plaintiff did not make this alternative argument in its original response, and it is incumbent on the Plaintiff—not the Court—to proffer a reasonable amount of fees supported by evidence. *See Vila*, 2005 WL 6104075 at *1 ("[T]he party must do more than simply restate its previous arguments, and any arguments the party failed to raise in the earlier motion will be deemed waived.").

Similarly, the Court does not see where, in the Plaintiff's original papers, it asked for attorney's fees associated with the underlying action to be included in the supersedeas bond. The Plaintiff did state that the parties were currently conferring on attorney's fees, but it did not argue that that any anticipated or agreed-upon amount should be included in the bond amount, or that the Court should, for example, hold a hearing before entering its order on the Defendants' motion. *See* ECF No. 127, Pl.'s Resp., at 9-10. Thus, the Plaintiff's argument will not be considered on a motion for reconsideration. *See Vila*, 2005 WL 6104075 at *1.

Perhaps most importantly, the Court explained in its original order that in the context of Local Rule 62.1 and the Defendants' willingness to provide 125% of the judgment as a bond, a supersedeas bond of $50,535.38 adequately protects the Plaintiff on appeal. (Order, at 4.) "Local Rule 62.1 specifically contemplates a bond of 110% of a monetary judgment, 'to provide security for interest, costs, and any award of damages for delay.'" (*Id.* (quoting L.R. 62.1).) The Plaintiff's interests are explicitly protected under Local Rule

62.1 and, in fact, the Court ordered a bond higher than that anticipated under the Local Rules. There is thus no manifest injustice to the Plaintiff.

For the foregoing reasons, the Plaintiff's motion for reconsideration (**ECF No. 142**) is **denied**.

**Done and ordered** at Miami, Florida on December 17, 2024.

_____
Robert N. Scola, Jr.
United States District Judge