United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Naval Logistic, Inc., *doing business as* Middle Point Marina, Plaintiff | ) ) ) |
| v. | ) ) ) |
| M/V Family Time, *in rem*, and Andrew Vilenchik, *in personam*, Defendant. | ) ) ) ) |

Civil Action No. 23-22379-Civ-Scola

**In Admiralty**

### Order Adopting Magistrate Judge's Report and Recommendations

This matter was referred to United States Magistrate Judge Enjoliqué A. Lett for a report and recommendations on Plaintiff Naval Logistics Inc.'s motion for attorney's fees and costs. (*See* Mot., ECF No. 129, Order of Referral, ECF No. 131.) Judge Lett issued a report, recommending that the Court grant the motion in part. (R&R, ECF No. 165.) Specifically, Judge Lett recommended that the Court cut from the Plaintiff's request for attorney's fees twenty hours of work from associate fees and ten hours from partner fees "to adequately reflect the appropriate amount of time that should have been billed in this case." (*Id.* at 8.) Judge Lett therefore recommended awarding the Plaintiff $118,197.11 in attorney's fees and costs. (*Id.* at 9.) The Plaintiff did not file any objections.

The Defendants, Andrew Vilenchik and M/V Family Time, filed objections. (Defs.' Obj., ECF No. 176.) The Plaintiff filed a response to the Defendants' objections. (Pl.'s Resp., ECF No. 209.) After reviewing the filings, the applicable law, and the record, the Court **adopts** Judge Lett's report and recommendations (**ECF No. 165**), **overrules** the Defendants' objections (**ECF No. 176**), and **grants in part** the Plaintiff's motion for attorney fees and costs (**ECF No. 129**). Moreover, the Plaintiff's motion to strike (**ECF No. 218**) is **denied as moot**.

1. **Legal Standard**

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)) (cleaned up). Objections are "improper" if they amount to "nothing more than a rehashing of the same arguments and positions taken in

the original papers submitted to the Magistrate Judge," as the "parties are not to be afforded a 'second bite at the apple' when they file objections to a [report and recommendation]." *Melillo v. United States*, 2018 WL 4258355, at *1 (S.D. Fla. Sept. 6, 2018) (Bloom, J.) (quoting *Marlite, Inc. v. Eckenrod*, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (Moreno, J.)). The objections must also present "supporting legal authority." L. R. 4(b). Once a district court receives "objections meeting the specificity requirement set out above," it must "make a de novo determination of those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." *Macort*, 208 F. App'x at 783-84 (quoting *Heath*, 863 F.2d at 822) (cleaned up). To the extent a party fails to object to parts of the magistrate judge's report, those portions may be reviewed for clear error. *Id.* at 784.

### 2. Analysis

The Defendants' sole objection is to Judge Lett's determination of the reasonable number of hours expended by the Plaintiff's attorneys. (*See generally* Defs.' Objs.) Therefore, the Court reviews that portion of Judge Lett's report de novo, and the remainder for clear error. *See Macort*, 208 F. App'x at 783-84.

### A. Reasonable Hours Expended

The party claiming attorney's fees, in this case the Plaintiff, bears the burden of providing the Court with sufficient information to assess the time claimed for each activity. *See Norman v. Hous. Auth. Of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988). If the Court finds that some hours are excessive or redundant, they must be excluded from the final billing. *Id.* at 1303. In determining the appropriate number of hours, the Court may conduct an hour-by-hour analysis or reduce the total number of hours with an across the board cut. *See Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1351-52 (11th Cir. 2008). Courts have broad discretion in choosing either method, as there is no specific formula to follow. *See Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983). Consequently, the goal for trial courts deciding on a reasonable number of hours is not to resolve every discrepancy, but rather to arrive at a fair number of hours worked. *See Fox v. Vice*, 563 U.S. 826, 838 (2011).

After reviewing the 80.1 hours disputed by the Defendants, the Court does not find them all to be unduly duplicative or excessive. As noted by Judge Lett, it is standard practice for associates to have their work reviewed by senior attorneys, and multiple attorneys billing for the same matter is not inherently

duplicative. (*See* R&R, at 8.) Here, the Court finds that an across the board cut of 20 hours from the associate fees and 10 hours from the partner fees results in an appropriate amount of time billed and satisfies the Court's *Hensley* obligation.

In their objections, the Defendants point to two time entries in particular that, in their view, should have been addressed directly. (Defs.' Obj. at 4). The Court disagrees. Judge Lett considered these entries, along with all the other hours in dispute, when she determined the number of hours that should be cut across the board. (*See* R&R, at 7-8.) Therefore, after reviewing the record and briefing de novo, the Court adopts Judge Lett's analysis regarding the reasonable number of hours in full.

### B. Review of Non-Objected to Portions of Judge Lett's Report

The Defendants do not object to Judge Lett's report and recommendation on their noncompliance with Local Rule 7.3(b) or on the reasonableness of the hourly rates requested by the Plaintiff. *(See generally* Defs.' Objs.) Therefore, the Court reviews these portions for clear error. The Court has considered Judge Lett's report, the record, and the relevant legal authorities. The Court finds Judge Lett's report and recommendation on the Defendants' noncompliance with local rules and the reasonable hourly rate for Plaintiff's attorneys to be cogent and compelling. The Court therefore affirms and adopts these portions of Judge Lett's report and recommendation in full.

### C. Defendant Andrew Vilenchik's Supplemental Objections

On June 10, 2025, the Court granted the Defendant Andrew Vilenchik's counsel's motion to withdraw. (Omnibus Order, ECF No. 185.) That same day, Vilenchik notified the Court that he would proceed pro se. (Notice of Appearance Pro Se, ECF No. 183.)

On June 13, 2025, Vilenchik filed his own objections to Judge Lett's report and recommendations. (*See* Def.'s Supplemental Objs., ECF No. 207.) Vilenchik also filed a reply to the Plaintiff's response to the Defendants' objections. (*See* Def.'s Reply, ECF No. 211.) For the reasons detailed below, these supplemental filings do not alter the Court's analysis.

First, Vilenchik's objections are untimely. Fed. R. Civ. P. 72(b)(2) is clear: a party must file its objections to a magistrate judge's report and recommendations within fourteen days after being served a copy of the report. Vilenchik was represented by counsel when his timely objections were filed. Moreover, Vilenchik does not cite to any authority allowing for untimely

supplemental objections because the objecting party subsequently proceeded pro se.

Second, the federal rules do not permit a reply to be filed in support of objections to a report and recommendations. *See Kengne v. Freeman*, 1:22-CV-2653-SEG-CMS, 2022 WL 22434271, at *1 (N.D. Ga. Dec. 2, 2022) ("The Federal Rules of Civil Procedure do not authorize a reply to a response to objections to an R&R, and plaintiff did not seek leave of court to file one.").

Third, Vilenchik's objections fail on the merits. The Court takes each in turn.

Vilenchik argues that "Plaintiff's improper arrest of the vessel . . . created a self-inflicted dispute." (Def.'s Supp. Objs., at 2.) However, the arrest and subsequent sale were ordered by this Court. (Order Granting Mot. for Interlocutory Sale, ECF No. 50.) Furthermore, that order was recently affirmed by the Eleventh Circuit. *See Naval Logistics, Inc. v. M/V Family Time, et al.*, No. 24-13172, ECF No. 48 (11th Cir. June 23, 2025). Just because Vilenchik believes the arrest and sale were improper does not make them so.

Vilenchik also believes that the attorney's fees are "disproportional[] under *Hensley*," there was "[e]xcessive and redundant billing," and that there was "[b]lock bulling and [v]ague [e]ntries." (*Id.* at 2-3.) But the Court has already reviewed the record and Judge Lett's analysis under *Hensley*. The Court, for the reasons already discussed above, agrees with Judge Lett's determination of the appropriate reduction in fees Furthermore, Vilenchik's objections are vague and conclusory as they fail to cite to the factual record.

Finally, Vilenchik believes that the Plaintiff's counsel has improperly billed for post-judgment collection and discovery abuse. (*Id.* at 3.) However, this argument presupposes that the Court agrees with Vilenchik that the Plaintiff's counsel has engaged in abusive conduct. Vilenchik, despite multiple attempts, has not shown that the Plaintiff's counsel is seeking anything but proper post-judgment information.

For these reasons, Vilenchik's supplemental objections and reply in support of his objections do not alter the Court's analysis. Therefore, the Plaintiff's motion to strike these filings (**ECF No. 218**) is **denied as moot**.

### 3. Conclusion

The Court **affirms and adopts** Judge Lett's report and recommendations (**ECF No. 165**) and **overrules** the Defendants' objections (**ECF No. 176**), thus **granting in part** the Plaintiff's motion for attorney's fees and costs and awards the amount $118,197.11. (**ECF No. 129**). Finally, the Plaintiff's motion to strike (**ECF No. 218**) is **denied as moot**.

**Done and ordered** in Miami, Florida, on July 1, 2025.

_____
Robert N. Scola, Jr.
United States District Judge