United States District Court

for the
Southern District of Florida

| | |
|---|---|
| Naval Logistic, Inc., *doing business as* Middle Point Marina, Plaintiff | ) ) ) Civil Action No. 23-22379-Civ-Scola |
| v. | ) ) ) |
| M/V Family Time, *in rem*, and Andrew Vilenchik, *in personam*, Defendants. | ) **In Admiralty** ) ) ) |

### Order on Motion for Reconsideration

Defendant Andrew Vilenchik, previously represented by counsel and now proceeding pro se, asks the Court for relief from the judgment entered against him for $40,428.30, in favor of Plaintiff Naval Logistic, Inc., doing business as Middle Point Marina (the "Marina") (Am. Final Judgment, ECF No. 108), and from the Court's order awarding the Marina $118,197.11 in attorney's fees and costs (Order on Fees, ECF No. 221). Vilenchik contends relief is warranted based on fraud on the Court, newly discovered evidence, and extraordinary circumstances. (Def.'s Mot., ECF No. 232.) The Marina opposes the motion (Pl.'s Resp., ECF No. 237) and Vilenchik has timely replied (Def.'s Reply, ECF No. 241). After careful review, the Court **denies** Vilenchik's motion (**ECF No. 232**).

1. **Background**

The Marina's lawsuit against Vilenchik arose out of the Marina's provision of necessaries to the M/V Family Time, Vilenchik's boat, for which the Marina was not compensated. (Compl., ECF No. 1.) The Marina prevailed on its motion for summary judgment and, as result, in September 2024, the Court entered final judgment in the Marina's favor for $40,428.30 (comprised of expenses for pre-arrest storage, *custodia legis* expenses, and arrest related costs). (Am. Final Judgment at 1.) More recently, the Court awarded the Marina $118,197.11 in fees and costs. (Order on Fees at 5.) Since the entry of the final judgment, Naval Logistic has sought post-judgment discovery from Vilenchik which he has repeatedly and vigorously resisted at every turn.

In the meantime, Vilenchik appealed the Court's orders (1) authorizing the Marina to serve as the custodian of the vessel, (2) approving the sale of the vessel, and (3) granting summary judgment in favor of the Marina. (Def.'s Not. of Appeal, ECF No. 111.) Finding the Court's decisions "grounded in the record

and consistent with established legal principles," the Eleventh Circuit determined that Vilenchik had not identified any reversible errors and affirmed the Court's orders. *Naval Logistics, Inc. v. M/V FAMILY TIME*, No. 24-13172, 2025 WL 1733999, at *3 (11th Cir. June 23, 2025).

Vilenchik now complains that the Marina has concealed evidence, fraudulently misstated the Marina's expenses, and improperly inflated its attorney's fees. (Def.'s Mot. at 1–2.) He also contends the Court never had *in rem* jurisdiction over the M/V Family Time, in the first place, rendering its arrest improper. (*Id.* at 1.) Because of these issues, says Vilenchik, the Court's judgments should be vacated.

### 2. Legal Standard

The aim of Federal Rule of Civil Procedure 60(b), generally, "is to strike a balance between the desideratum of finality and the demands of justice." *Chege v. Georgia Dept. of Juv. J.*, 815 F. App'x 425, 427 (11th Cir. 2020) (cleaned up). "To obtain relief under Rule 60(b), a movant must do more than show that the district court could have vacated its order: the movant must demonstrate a justification so compelling that the court was required to vacate its order." *Id.* (cleaned up) (emphasis in original).

Relevant here, Rule 60(b)(2) affords relief where there is "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to more for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). A movant seeking relief under Rule 60(b)(2) must establish "(1) the new evidence was discovered after the judgment was entered, (2) [the movant] had exercised due diligence in discovering that evidence, (3) the evidence was not merely cumulative or impeaching, (4) the evidence was material, and (5) the evidence was likely to produce a different result." *In re Glob. Energies, LLC*, 763 F.3d 1341, 1347 (11th Cir. 2014). Importantly, a motion sought "under Rule 60(b)(2) is an extraordinary motion and the requirements of the rule must be strictly met." *Waddell v. Hendry Cnty. Sheriff's Off.*, 329 F.3d 1300, 1309 (11th Cir. 2003).

Also relevant here, "[t]o obtain relief from a final judgment based upon fraud under Rule 60(b)(3), the moving party must prove by clear and convincing evidence that the adverse party obtained the verdict through fraud, misrepresentations, or other misconduct." *Waddell*, 329 F.3d at 1309. The movant must also "show that the fraud prevented him from fully and fairly presenting his case." *Clements v. Commr. of Soc. Sec.*, No. 23-12520, 2025 WL 1890635, at *4 (11th Cir. July 9, 2025). Notably, to meet the "clear and convincing evidence" standard, a movant must do more than supply "conclusory averments of the existence of fraud made on information and

belief and unaccompanied by a statement of clear and convincing probative facts which support such belief." *Booker v. Dugger*, 825 F.2d 281, 283–84 (11th Cir. 1987) (cleaned up).

Finally, Rule 60(b)(6) serves as a "catchall provision that allows a district court to relieve a party from a final judgment for 'any other reason that justifies relief.'" *BLOM Bank SAL v. Honickman*, 145 S. Ct. 1612, 1617 (2025) (quoting Fed. Rule Civ. Proc. 60(b)(6)). Relief from a final judgment under Rule 60(b)(6) is only available in "extraordinary circumstances," and those extraordinary circumstances must, at the same time, "suggest that the movant is faultless in the delay." *BLOM Bank*, 145 S. Ct. at 1623 (cleaned up).

### 3. Analysis

The bases Vilenchik relies on to support his motion can be summarized as follows: (1) a credit-card authorization form that he says the Marina failed to disclose and which defeats in rem jurisdiction (and thus the arrest of the vessel); (2) the Marina's counsel's improper conduct relating to, among other things, settlement negotiations, legal fees, communication, and post-judgment discovery; and (3) the Marina's overstatement of the Marshal's arrest fee by $637.50. After review, the Court finds Vilenchik's first two arguments meritless. On the other hand, both parties appear to agree as to the Marshal's fee discrepancy.

First, Vilenchik acknowledges that he signed the credit-card authorization form in May 2023 and that the Marina, thereafter, produced it in discovery, in May 2024. (Def.'s Mot. at 8.) Accordingly, he is not entitled to relief under Rule 60(b)(2) because this evidence is not "newly discovered." Fed. R. Civ. P. 60(b)(2). Second, other than his vague and conclusory references to fraud, Vilenchik fails to explain how this form, of which he was fully aware from the moment he acknowledges signing it, amounts to "clear and convincing evidence" that the Marina obtained its judgment through "fraud, misrepresentations, or other misconduct" as required by Rule 60(b)(2). *Waddell*, 329 F.3d at 1309. And, finally, Vilenchik fails to articulate any extraordinary circumstances, resulting in manifest injustice, arising from the form, that would warrant relief under Rule 60(b)(6).

Next, Vilenchik fails to explain how any of the complained of counsel conduct would trigger relief under Rule 60(b). For example, Vilenchik complains that his attorney failed to notify him about a settlement offer from the Marina in August 2023. First, Vilenchik fails to explain what relevance that settlement offer has on either the final judgment or the fees judgment. And second, nothing about the Marina's communication of that settlement offer to Vilenchik's lawyer is improper—if Vilenchik's attorney failed to advise him of

that offer, that is between Vilenchik and his lawyer and does not amount to newly discovered evidence, fraud, or extraordinary circumstances. Similarly, none of the post-judgment discovery, collection, or settlement-communication conduct that Vilenchik complains of has any bearing on the propriety of the judgments in this case. Even if any of those interactions were shown to be improper, Vilenchik fails to show how any of it would amount to grounds for relief from the judgments here.

Finally, both parties agree there is a discrepancy regarding the Marshal's refund of $637.50 in fees to the Marina. As the Marina points out, this miscalculation can be remedied through the application of either Rule 60(b)(1) or (b)(5). Accordingly, the Court denies this aspect of Vilenchik's motion without prejudice. If Vilenchik would like the Court to amend the final judgment to reflect this correction, relating to the $637.50, the Court orders the Marina to cooperate with Vilenchik in preparing a joint motion, requesting that relief, including a proposed amended final judgment.

### 4. Conclusion

For the reasons set forth above, the Court **denies** Vilenchik's motion for relief under Rule 60(b) (**ECF No. 232**). This denial is without prejudice as to Vilenchik's claims regarding the Marshal's refund to the Marina of $637.50. The Court also denies Vilenchik's request for a stay of execution of the judgment under Rule 62(b): he has not supplied any indication that he has posted a bond or other security and therefore is not entitled to a stay.

**Done and ordered** at Miami, Florida on August 22, 2025.

Robert N. Scola, Jr.
United States District Judge